IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>vs.<br><br>Lacey Bernard Guyton, Jr., a/k/a Bug,<br><br>                              Defendant. | Case No. 1:21-cr-00009 |

ORDER DENYING MOTION TO REDUCE SENTENCE

**INTRODUCTION**

[¶1]   THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on January 16, 2024. Doc. No. 421. The United States filed a Response on February 8, 2024. Doc. No. 425. No Reply has been filed. For the reasons set forth below, the Motion to Reduce Sentence is **DENIED**.

**DISCUSSION**

[¶2]   The Defendant asks the Court to reduce his sentence from 120 months to 60 months based upon the retroactive application Amendment 821 of the United States Sentencing Guidelines, which went into effect on November 1, 2023. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Applicable here, in Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria.

[¶3]     There is no dispute Guyton would be entitled to a two-point reduction under Amendment 821. His original guidelines range would have been 57 to 71 months, but because he has a mandatory 60-month minimum sentence, his range at sentencing was calculated at 60 to 71 months. Applying the two-point reduction, his new range would be 46 to 57 months, but the mandatory minimum would require the guidelines range to be 60 months. See USSG § 5G1.1(b).

[¶4]     Even though he is eligible for a sentencing reduction under Amendment 821, the Court must next consider the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(2) ("in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable"); USSG § 1B1.10, App. Note 1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)).

[¶5]     The Defendant argues for a reduction to 60 months because co-Defendant Lonnie Ray Linscomb, Jr., was given a 72-month sentence on the same charge and 60 months' imprisonment satisfies the factors in 18 U.S.C. § 3553(a). The United States argues that the Court should not reduce the Defendant's sentence for the same reasons they argued for a 120-month sentence at his Sentencing Hearing and because he has had two disciplinary infractions since being in custody. The Court agrees with the United States.

[¶6]     The Court has reviewed the record and the factors set forth at 18 U.S.C. § 3553(a) and concludes a 120-month sentence is sufficient but not greater than necessary to comply with the purposes provided in 18 U.S.C. § 3553(a). The Defendant was a central figure in a significant

fentanyl conspiracy in North Dakota. While he has no criminal history, the drug quantities in this case are substantial. The Presentence Investigation Report indicates approximately 3,440 opiate pills containing 40 grams or more of fentanyl were found in the Defendant's possession. Doc. No. 330, ¶ 2. In addition, the Defendant signed a plea agreement allowing the United States to argue for the 120-month sentence, he did not object to the sentence, and never filed an appeal. In short, based upon the record, the factors in 18 U.S.C. § 3553(a), and the Court's previous findings at the Sentencing Hearing, even if the Court were to reduce his guidelines range, the Court stills concludes a 120-month sentence is appropriate under the circumstances.

## CONCLUSION

[¶7]   For the foregoing reasons, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶8]   **IT IS SO ORDERED**.

DATED April 16, 2024.

Daniel M. Traynor, District Judge
United States District Court